# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Kelley, Wilbur – 1:17-cv-03430
Baker, Patricia – 1:23-cv-00722

## COOK DEFENDANTS' MOTION FOR
## JUDGMENT ON THE PLEADINGS IN NO INJURY CASES

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook") move for judgment in three cases for failure to state a claim upon which relief can be granted. Plaintiff Wilbur Kelley has categorized his only injury in Category 1 (Successful First Removal Without Complication or Physical Injury). Plaintiff Patrica Baker has categorized her only injury in Category 2 (Mental Distress and Embedment). Consistent with its previous orders in similarly situated cases, Cook respectfully urges the Court to dismiss these Plaintiffs' cases for failure to assert any legally cognizable injury.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the Complaint and Answer. Fed. R. Civ. P. 12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6)—the

plaintiff must state a claim that is plausible on its face. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court will grant a Rule 12(c) motion if "the plaintiff cannot prove any facts that would support his claim for relief." *N. Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court need not accept the plaintiff's legal conclusions. *See id.*; *see also Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 197 (7th Cir. 1985).

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, the Court entered its original Screening Order and Bellwether Selection Plan, which was entered to, among other things, "ensure pending and future filed cases allege a cognizable injury." *See* Dkt. 9322. This order set forth seven categories of injuries and required plaintiffs "to certify the respective outcomes, complications, and injuries claimed by submitting a specific medical record evincing the claimed complications, outcomes, and injuries." *Id.*

1. To accomplish the goals set forth in the original Screening Order and Bellwether Plan, the Court adopted a Case Categorization Form that plaintiffs were to use in categorizing their respective injuries. *See* Dkts. 9638 & 9638-1. The Case Categorization Form has been revised multiple times throughout the course of this litigation, but the form's purpose has remained the same: to facilitate the "classification of cases based on claimed injury or complication and certification of those claims through accompanying medical records." *See, e.g.*, Dkt. 25717. In

submitting a Case Categorization Form, counsel for each plaintiff must "affirm[] that the categorization is based on a review of the available medical records including imaging records and reports" and "certif[y] that the outcome, complication, or injury . . . is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief." *Id.* at Ex. A.

2. Of the seven categories the Court has recognized, two categories are relevant to this Motion:

    a. Category 1 cases are those in which the "IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process." *Id.*

    b. Category 2 cases are those in which "only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged." *Id.*

3. Each Plaintiff subject to this Motion has provided a Case Categorization Form and categorized his or her only injury in Category 1 or Category 2.

4. Each of the Plaintiffs subject to this Motion has failed to claim any legally cognizable injury and thus has failed to state a claim against Cook. The Court should therefore dismiss Plaintiffs' cases as a matter of law, as it has previously done in similarly situated cases.

## ARGUMENT

Plaintiffs have categorized their only injuries in Category 1 or Category 2. But this Court has previously issued orders dismissing cases in which plaintiffs have alleged only Category 1 and Category 2 injuries. *See* Dkt. 9322 (stating that Category 1 cases are subject to immediate dismissal); Dkt. 11377 (granting dismissal of 17 Category 2 cases for failure to state a claim); Dkt. 13996 (granting dismissal of six mischaracterized no-injury cases). Plaintiffs here are similarly situated, and the Court should therefore dismiss their cases.

**1.     The Court Should Dismiss Mr. Kelley's Case Alleging Only a Category 1 Injury Because He Has Not Claimed Any Cognizable Injury.**

The Court should dismiss Plaintiff Wilbur Kelley's case because he alleges only a Category 1 injury. *See generally* Kelley CCF, attached as **Exhibit A**. By definition, Mr. Kelley's case does not allege any physical symptoms or filter complications:

> <u>Successful First Removal Without Complication or Physical Injury Cases</u>: Cases where Plaintiffs' profile sheet and further follow-up shows that the Gunther Tulip or Celect IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process.

*See id.* at 2. The Court has already determined that "[c]ases in Category 1 are subject to immediate dismissal, Dkt. 9322 at ¶ 3, and the Plaintiffs Steering Committee has conceded that these cases allege no cognizable injury. *See* Dkt. 8591 at 15 ("It is Plaintiffs' position that only cases falling within category 1 may fairly be considered non-injury cases." (emphasis omitted)).

In short, the parties and the Court agree that plaintiffs alleging only a Category 1 injury have not claimed a cognizable injury. But Mr. Kelley has alleged *only* a Category 1 injury. Accordingly, Cook is entitled to judgment on the pleadings in his case, and it should be dismissed with prejudice.

**2.     The Court Should Dismiss Ms. Baker's Case Alleging Only a Category 2 Injury Because She Does Not Claim to Have Suffered Any Physical Injury.**

The Court should also dismiss Plaintiff Patricia Baker's case because she alleges only a Category 2 injury. Ms. Baker does not claim to have suffered any physical injuries and thus cannot maintain her case based on a mere fear of *future* injury. Cook has previously briefed this issue, *see* Dkt. 10857, and this Court has dismissed cases alleging only Category 2 injuries, *see* Dkts. 11131 & 11377. In the interest of efficiency, Cook briefly highlights its main arguments here and refers the Court to the previous briefing and orders dismissing Category 2 cases. Dkts. 10856-57 (Cook's opening motion and brief in support); Dkt. 10953 (Plaintiffs' response); Dkt. 11032

4

(Cook's reply); Dkt. 11131 (Court's first order); Dkt. 11377 (Court's second order). This Court's previous orders reflect longstanding tort-law principles and modern precedent in medical device cases—that is, a plaintiff cannot sustain a claim, including one based on fear of *future* injury, absent a *present* physical symptom or complication.[1]

Ms. Baker has categorized her case as involving only a Category 2 injury, alleging "only non-physical injuries, such as worry, stress, or fear of future injury." *See generally* Baker CCF, attached as **Exhibit B**. Ms. Baker describes her alleged injury as follows: "Filter was placed, no complications according to medical records available." *Id.* at 2. In this MDL, categorization submissions "certify that the outcome, complication, or injury represented . . . is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief" and require the categorizations be "based on a review of the available medical records including imaging records and reports." *Id.* at 6. Accordingly, if Ms. Baker experienced *any* physical injury or filter complications, she could have and would have placed her claimed injury in a different, higher category. *See id.* (explaining that a plaintiff can select more than one category on the Case Categorization Form). Accordingly, Cook is entitled to judgment on the pleadings in Ms. Baker's case, and it should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Cook respectfully urges the Court to dismiss Plaintiffs' cases with prejudice.

---

[1] This is supported by Pennsylvania law, i.e., Ms. Baker's home state. *See, e.g.*, *Robinson v. May Dept. Stores Co.*, 246 F. Supp. 2d 440, 445 (E.D. Pa. 2003) ("Manifestation of physical injury is necessary to sustain a claim for negligent infliction of emotional distress.").

Dated: January 9, 2026                    Respectfully submitted,

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
Faegre Drinker, Biddle & Reath LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Jessica.Cox@faegredrinker.com
Andrea.Pierson@faegredrinker.com

James Stephen Bennett
Faegre Drinker, Biddle & Reath LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Group Incorporated, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2026, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS IN NO INJURY CASES** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                       /s/ *Jessica Benson Cox*